■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIO FITZPATRICK, Appellant. [990 NYS2d 838]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated October 16, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Grubbs*, 107 AD3d 771, 772 [2013]; *People v Lacewell*, 103 AD3d 784, 784-785 [2013]; *People v Finizio*, 100 AD3d 977, 977 [2012]).

The Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure from his presumptive designation as a risk level two sex offender, as the record does not reflect the existence of special circumstances warranting a downward departure (*see generally People v Wyatt*, 89 AD3d 112, 118-122 [2011]). In asserting that the Supreme Court improvidently exercised its discretion in denying his application for a downward departure, the defendant's contentions are almost exclusively based on matter that is dehors the record which may not be reviewed on direct appeal (*see People v Roache*, 110 AD3d 776, 777 [2013]; *see also People v Sivels*, 114 AD3d 708, 709 [2014]). To the extent that the defendant's contentions may be reviewed, they are without merit. On the record presented, the defendant failed to identify a mitigating circumstance which is of a kind or to a degree not adequately

taken into account by the SORA guidelines (*see People v Gillotti*, 23 NY3d 841 [2014]; *People v Wyatt*, 89 AD3d at 128).

The defendant's remaining contention, that he was improperly assessed 15 points under risk factor 11, is unpreserved for appellate review, and, in any event, without merit. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.