■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE M. AMAYA, Appellant. [994 NYS2d 193]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated March 30, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are

based" (Correction Law § 168-n [3]). Here, the County Court did not adequately set forth its findings of fact and conclusions of law in its order. Nevertheless, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Fitzpatrick*, 120 AD3d 565 [2014]; *People v Grubbs*, 107 AD3d 771, 772 [2013]; *People v Lacewell*, 103 AD3d 784, 784-785 [2013]; *People v Finizio*, 100 AD3d 977 [2012]).

On the record before us, we conclude that the County Court's designation of the defendant as a level two sex offender under SORA was supported by clear and convincing evidence (*see* Correction Law art 6-C; *People v Smith*, 108 AD3d 514 [2013]; *People v Geehreng*, 101 AD3d 975 [2012]; *People v Lattimore*, 57 AD3d 752 [2008]).

The defendant's remaining contention is unpreserved for appellate review. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.