■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER WELCH, Appellant. [5 NYS3d 257]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Chun, J.), dated June 16, 2010, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), a court must "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Amaya*, 121 AD3d 874, 874-875 [2014]; *People v Fitzpatrick*, 120 AD3d 565, 565 [2014]).

In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders, or any other reliable source, including reliable hearsay (*see People v Crandall*, 90 AD3d 628, 629 [2011]). Here, contrary to the defendant's contention, he was properly assessed 20 points under risk factor 7 because he was a stranger to the victim. The assessment of these points was supported by clear and convincing evidence in the record in the form of the complainant's grand jury testimony (*see*

*People v Sooknanan*, 119 AD3d 540, 540 [2014]; *People v Hewitt*, 73 AD3d 880, 881 [2010]; *People v Mabee*, 69 AD3d 820, 820 [2010]).

The defendant's remaining contention is unpreserved for appellate review and, in event, is without merit.

Accordingly, the defendant was properly designated a level two sex offender pursuant to Correction Law article 6-C. Rivera, J.P., Austin, Roman and Barros, JJ., concur.