Appeal by the defendant from an order of the Supreme Court, Queens County (Koenderman, J.), dated November 14, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
*997 Ordered that the order is affirmed, without costs or disbursements.
In making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), a court must “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Welch, 126 AD3d 773 [2015]; People v Johnson, 118 AD3d 684 [2014]).
In establishing a defendant’s risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; People v Wyatt, 89 AD3d 112, 117-118 [2011]). “In assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay” (People v Crandall, 90 AD3d 628, 629 [2011]; see People v Mingo, 12 NY3d 563, 573 [2009]). Contrary to the defendant’s contention, the Supreme Court properly assessed 20 points against him under risk factor 4 for engaging in a continuing course of sexual misconduct against the victim. The assessment of these points was supported by clear and convincing evidence in the record, including the case summary completed by the Board and the sworn felony complaint (see People v Mingo, 12 NY3d at 573; People v DeJesus, 127 AD3d 1047, 1047 [2015]; People v Patronick, 117 AD3d 1018, 1019 [2014]).
In addition, the Supreme Court properly denied the defendant’s application for a downward departure from his designation as a level two sex offender (see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Wyatt, 89 AD3d at 123-124). Accordingly, the defendant was properly designated a level two sex offender. Leventhal, J.R, Dickerson, Roman and Hinds-Radix, JJ., concur.