■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v ALEXANDER RUKASOV, Appellant. [17 NYS3d 772]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated December 6, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Welch*, 126 AD3d 773, 773 [2015]; *People v Amaya*, 121 AD3d 874, 874-875 [2014]).

In determining a defendant's risk level pursuant to SORA, "[a] downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Watson*, 95 AD3d 978, 979 [2012]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Romero*, 113 AD3d 605, 605 [2014]; *People v Fernandez*, 91 AD3d 737, 737 [2012]). "A defendant seeking a downward departure has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence' " (*People v Watson*, 95 AD3d at 979, quoting *People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Wortham*, 119 AD3d 666, 666 [2014]). "A sex offender's successful showing by a prepon-

derance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances" (*People v Wyatt*, 89 AD3d at 127).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that the presumptive risk level did not overassess the danger presented by the defendant and the risk of reoffense (*see People v Morel-Baca*, 127 AD3d 833, 834 [2015]; *People v Nethercott*, 119 AD3d 918, 918 [2014]; *see generally People v Shelton*, 126 AD3d 959, 960 [2015]). Accordingly, the court properly denied the defendant's application for a downward departure from his designation as a level two sex offender. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.