■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TIGRE, Appellant. [19 NYS3d 778]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated February 27, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections

counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d 563, 573 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Arocho*, 130 AD3d 996, 997 [2015]; *People v Lucius*, 122 AD3d 819 [2014]; *People v Finizio*, 100 AD3d 977, 978 [2012]).

Here, contrary to the defendant's contention, the County Court properly assessed 25 points under risk factor 2 and 20 points under risk factor 4. The assessment of these points was supported by clear and convincing evidence in the record, which included the victim's sworn statements (*see People v Mingo*, 12 NY3d at 573, 576). Accordingly, based on the points assessed, the defendant was properly designated a level two sex offender. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.