■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v BRIAN J. NEWTON, Appellant. [20 NYS3d 910]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated October 30, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted, after a guilty plea, of 29 counts of possessing a sexual performance by a child (Penal Law § 263.16). At his Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) hearing, he requested a downward departure from his presumptive designation as a level two sex offender on the ground that he did not have physical contact with a victim. The County Court denied the defendant's application.

"In determining a defendant's risk level pursuant to SORA, a downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Rukasov*, 132 AD3d 748, 748 [2015] [internal quotation marks and brackets omitted]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Watson*, 95 AD3d 978, 979 [2012]). Here, contrary to the defendant's contention, his presumptive designation as a level two sex offender took into account that he did not have any violent or physical contact with any victim by not assessing him any points under risk factor 1 (use of violence) or risk factor 2 (sexual contact with victim) (*see People v Gillotti*, 23 NY3d at 857).

Accordingly, the County Court properly determined that the defendant was not entitled to a downward departure and, thus,

properly designated him a level two sex offender (*see People v Wyatt*, 89 AD3d 112 [2011]; *People v Mondo*, 88 AD3d 676 [2011]; *People v Padro*, 84 AD3d 1046 [2011]). Dillon, J.P., Hall, Cohen and Barros, JJ., concur.