■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN VEGH, Appellant. [21 NYS3d 719]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated September 17, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Welch*, 126 AD3d 773, 773 [2015]; *People v Amaya*, 121 AD3d 874, 874-875 [2014]).

In determining a defendant's risk level pursuant to SORA, a downward departure from a sex offender's presumptive risk level generally is warranted only where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Watson*, 95 AD3d 978, 979 [2012]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Under the circumstances of this case, the defendant's age did not warrant a downward departure from his presumptive risk level (*see People v Shelton*, 126 AD3d 959, 960 [2015]; *People v McFarland*, 120 AD3d 1121, 1122 [2014]; *People v Grubbs*, 107

AD3d 771, 773 [2013]; *People v Beyah*, 76 AD3d 917, 917 [2010]; *People v Harrison*, 74 AD3d 688, 688 [2010]). Moreover, none of the other factors identified by the defendant, either singly, in combination with each other, or in combination with the defendant's age, showed that the presumptive risk level overassessed the risk and danger of reoffense (*see People v Torres*, 124 AD3d 744, 746 [2015]; *People v Grubbs*, 107 AD3d at 773). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive designation as a level two sex offender and designated him a level two sex offender. Hall, J.P., Austin, Roman and Barros, JJ., concur.