■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JORDAN, Appellant. [24 NYS3d 389]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Firetog, J.), dated May 4, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (hereinafter SORA) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see *People v Welch*, 126 AD3d 773, 773 [2015]; *People v Johnson*, 118 AD3d 684, 684 [2014]).

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]). Although a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (*see People v Washington*, 84 AD3d 910, 911 [2011]), the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (*see People v Torres*, 124 AD3d 744, 745 [2015]; *People v Coleman*, 122 AD3d 599, 599-600 [2014]; *People v Martinez*, 104 AD3d 924, 924-925 [2013]). Further, the other factors identified by the defendant were either adequately taken into account by the SORA Guidelines (*see People v King*, 72 AD3d 1363, 1364 [2010]), or did not warrant a downward departure from the presumptive risk level.

Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive designation as a level three sex offender. Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.