■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LOWERY, Appellant. [35 NYS3d 684]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Balter, J.), dated October 30, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this

Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Jordan*, 136 AD3d 697, 698 [2016]; *People v Vegh*, 134 AD3d 1084, 1084 [2015]).

In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *People v Tigre*, 134 AD3d 687, 687 [2015]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d 563, 573 [2009]).

Here, contrary to the defendant's contention, the Supreme Court properly assessed 20 points against him under risk factor 4 for engaging in a continuing course of sexual misconduct against the complainant. The assessment of these points was supported by clear and convincing evidence in the record, including the presentence report and the complainant's grand jury testimony, which was consistent with the indictment (*see People v Mingo*, 12 NY3d at 573; *People v McPherson*, 114 AD3d 653, 653 [2014]). The defendant's contention that the court erred in assessing him 15 points under risk factor 11 based on his history of substance abuse is unpreserved for appellate review (*see People v Jones*, 130 AD3d 601, 601 [2015]). In any event, the assessment of these points was supported by clear and convincing evidence. The case summary prepared by the Board stated that the defendant "admitted . . . to the abuse of marijuana and hashish starting at the age of 16 and using up until the age of 21," and that the defendant was referred to a substance abuse treatment program "based on his history of substance abuse coupled with his elevated MAST [Michigan Alcohol Screening Test] score" (*see People v Aldarondo*, 136 AD3d 770, 770-771 [2016]; *People v Jones*, 130 AD3d at 601; *People v Finizio*, 100 AD3d 977, 978 [2012]; *cf. People v Rohoman*, 121 AD3d 876, 877 [2014]).

The Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level designation, as he failed to identify and establish the existence of a mitigating factor which was not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (*see People v Gillotti*, 23 NY3d 841, 861 [2014]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Eng, P.J., Roman, LaSalle and Barros, JJ., concur.