■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v MARITZA WALLACE, Appellant. [40 NYS3d 561]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Murphy, J.), dated October 24, 2013, which, after a hearing, designated her a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law,

remittal is not required (*see People v Vegh*, 134 AD3d 1084, 1084 [2015]; *People v Finizio*, 100 AD3d 977, 977 [2012]).

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines [Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006)]; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Jordan*, 136 AD3d 697, 698 [2016]). Although a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (*see People v Washington*, 84 AD3d 910, 911 [2011]), the defendant failed to prove by a preponderance of the evidence that her response to treatment was exceptional (*see People v Pendleton*, 112 AD3d 600, 601 [2013]; *People v Perez*, 104 AD3d 746, 746-747 [2013]).

The defendant's contention that she is entitled to a downward departure based on her gender is unpreserved for appellate review, as she failed to raise this factor at the SORA hearing (*see People v Uphael*, 140 AD3d 1143, 1144-1145 [2016]). Further, in support of her position that female sex offenders are less likely to reoffend than male offenders, the defendant relies on studies which were not submitted to the Supreme Court at the SORA hearing and, thus, are dehors the record (*see People v Santiago*, 137 AD3d 762, 765 [2016]; *People v Fitzpatrick*, 120 AD3d 565, 565 [2014]).

Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated her a level three sex offender. Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.