■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JAMISON, Appellant. [42 NYS3d 836]—Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated December 2, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant challenges the assessment of 10 points for allegedly unsatisfactory behavior while confined. However, he acknowledges that even if this argument were sustained, his total points assessment would be 135 points, rendering him presumptively a level three sex offender (*see People v Howell*, 82 AD3d 857 [2011]).

The defendant also contends that he was entitled to a downward departure from his presumptive risk level based upon his age. The Supreme Court, in its discretion, may grant a downward departure only where the defendant identifies a mitigating circumstance of a kind or to a degree not adequately taken into account by the risk assessment instrument and establishes its existence by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d 841, 861-862 [2014]). Here, the Supreme Court providently exercised its discretion in denying the defendant a downward departure from his presumptive risk level based upon his age (*see People v Vegh*, 134 AD3d 1084 [2015]; *People v Torres*, 124 AD3d 744, 746 [2015]).

The defendant's remaining contentions are without merit.

Accordingly, the defendant was properly designated a level three sex offender. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.