■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v LUIS HENRIQUEZ, Appellant. [44 NYS3d 768]—Appeal by the defendant from an order of the Supreme Court, Nassau County (Delligatti, J.), dated February 27, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, the Supreme Court did not adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Jordan*, 136 AD3d 697, 698 [2016]; *People v Arocho*, 130 AD3d 996, 997 [2015]; *People v Johnson*, 118 AD3d 684 [2014]).

Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 11 for a history of alcohol abuse. The assessment of these points was supported by clear and convincing evidence in the record, including the case summary completed by the Board of Examiners of Sex Offenders and the presentence report (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *People v Palmer*, 20 NY3d 373, 377-378 [2013]; *People v Mitchell*, 142 AD3d 542, 543 [2016]; *People v Zavala*, 114 AD3d 653, 654 [2014]). Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.