People v Sealey (2018 NY Slip Op 03715)





People v Sealey


2018 NY Slip Op 03715


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-08986

[*1]People of State of New York, respondent,
v
Sheldon Sealey, appellant.


Seymour W. James, Jr., New York, NY (Bonnie C. Brennan of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated August 20, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the People established by clear and convincing evidence that the defendant was properly assessed 15 points for his history of drug abuse on the Risk Assessment Instrument (hereinafter the RAI) prepared by the Board of Examiners of Sex Offenders (see People v Palmer, 20 NY3d 373).
A defendant seeking a downward departure from the presumptive risk level established by the RAI has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). The defendant failed to identify mitigating factors not already taken into account in the RAI (see People v Jordan, 136 AD3d 697).
Accordingly, we agree with the Supreme Court's denial of the defendant's application for a downward departure from his presumptive designation as a level two sex offender.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court