People v Price (2018 NY Slip Op 06046)





People v Price


2018 NY Slip Op 06046


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-08392

[*1]People of State of New York, respondent,
v
Keyan Price, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Johnathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Robert Charles Kohm, J.), dated August 1, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to attempted sex trafficking and was sentenced to prison. Prior to his release from prison, the Supreme Court held a risk level assessment hearing under the Sex Offender Registration Act. The court assigned the defendant points on the risk assessment instrument for, inter alia, the number of victims, the age of one of the victims, and the defendant's unsatisfactory conduct in prison. The court designated the defendant a presumptive level three sex offender and denied the defendant's request for a downward departure. The defendant appeals.
We agree with the Supreme Court's determination to assign the defendant points based on the number of victims, the age of one of the victims, and the defendant's unsatisfactory conduct in prison. The People established by clear and convincing evidence in the form of the sworn criminal complaint, grand jury testimony, and the case summary completed by the Board of Examiners of Sex Offenders that there were two victims in this case, one of those victims was 15 years old at the time of the offense, and the defendant had a recent Tier III disciplinary violation in prison (see People v Britton, 148 AD3d 1064, 1064, affd 31 NY3d 1019; People v Lowery, 140 AD3d 1141, 1142; People v Arocho, 130 AD3d 996, 997; People v Navarro, 115 AD3d 835, 836; People v Crandall, 90 AD3d 628, 629).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise [*2]its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant failed to identify, as a matter of law, an appropriate mitigating factor and failed to establish the facts in support of its existence by a preponderance of the evidence (see People v Curry, 158 AD3d 52, 60-62; People v Alvarez, 153 AD3d 645, 646; People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v McCurdy, 121 AD3d 875, 875-876; People v Wyatt, 89 AD3d 112, 128). Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court