People v Adkinson (2019 NY Slip Op 06204)





People v Adkinson


2019 NY Slip Op 06204


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-05443

[*1]People of State of New York, respondent,
v
Randy Adkinson, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo and Ronald Alfano of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Daniel Lewis, J.), dated March 23, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that order is affirmed, without costs or disbursements.
The defendant challenges his designation as a level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) based upon his convictions, upon a jury verdict, of, inter alia, sodomy in the first degree and sexual abuse in the first degree.
Contrary to the defendant's contention, he was properly assessed points under risk factor 11 for a history of alcohol abuse. In establishing an offender's appropriate risk level under SORA, "[t]he People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see People v Mingo, 12 NY3d 563, 571). Here, the People met that burden as to risk factor 11, through evidence that defense counsel asserted at the sentencing proceeding for the subject convictions that the defendant had "a drinking problem," and the facts that the defendant scored in the "alcoholic" range on the Michigan Alcohol Screening Test, was referred for alcohol abuse treatment in prison, and was previously convicted of driving while ability impaired by alcohol (see People v Lowery, 140 AD3d 1141, 1142; People v Zavala, 114 AD3d 653, 654). Further, the Supreme Court did not improvidently exercise its discretion in assessing points under this risk factor despite the defendant's abstinence from alcohol during his incarceration (see People v Moultrie, 147 AD3d 800, 801).
Based on the points assessed, we agree with the Supreme Court's designation of the defendant as a level three sex offender.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court