People v Garcia (2021 NY Slip Op 01433)





People v Garcia


2021 NY Slip Op 01433


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2020-05946

[*1]People of State of New York, respondent,
v
Adrian Garcia, appellant.


Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel; Matthew Cunha on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated February 5, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the defendant was designated a level three sex offender based upon the assessment of a total of 110 points, as requested by the People.
The Supreme Court properly assessed the defendant 30 points under risk factor 9 (number and nature of prior crimes), for his prior conviction of forcible touching in violation of Penal Law § 130.52, which is a misdemeanor sex crime for the purposes of risk factor 9 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006] [hereinafter Guidelines]; Penal Law § 130.52; People v Perez, 162 AD3d 1083, 1084; People v Syed, 60 Misc 3d 129[A], 2018 NY Slip Op 50960[U] [App Term, 1st Dept]; People v Valdivia, 51 Misc 3d 134[A], 2016 NY Slip Op 50539[U] [App Term, 1st Dept]; People v Verdelli, 44 Misc 3d 144[A], 2014 NY Slip Op 51410[U] [App Term, 1st Dept]). Furthermore, the court properly assessed the defendant 10 points under risk factor 10 (recency of prior felony or sex crime) based upon clear and convincing evidence that the defendant was convicted of forcible touching within three years of the instant offense (see Guidelines at 14). The court also properly assessed the defendant 15 points under risk factor 11 based upon his history of drug and alcohol abuse, which was proven by clear and convincing evidence (see People v Hernandez, 153 AD3d 862; People v Henriquez, 146 AD3d 911; People v Zavala, 114 AD3d 653, 654).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v [*2]Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. The circumstances cited by the defendant in support of his application—his acceptance of responsibility for his crime and successful completion of treatment programs while incarcerated—were adequately taken into account by the Guidelines. The defendant was not scored any points under risk factor 12 (acceptance of responsibility). Additionally, although an offender's response to treatment, if exceptional, can be the basis for a downward departure (see People v Peoples, 189 AD3d 1282; People v Hawthorne, 158 AD3d 651, 653-654; see also Guidelines at 17), at the SORA hearing the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure, and properly designated him a level three sex offender.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court