People v Lyons (2021 NY Slip Op 05997)





People v Lyons


2021 NY Slip Op 05997


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-07415

[*1]The People of the State of New York, respondent,
v
David Lyons, appellant.


Samuel S. Coe, New City, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (William L. DeProspo, J.), dated August 17, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35[1]) and aggravated sexual abuse in the first degree (Penal Law § 130.70[1][a]). He was sentenced to a determinate term of imprisonment of 20 years to be followed by a 5-year period of postrelease supervision.
Prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) classified the defendant as a presumptive level three sex offender pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), having determined that he should be assessed a total of 120 points on the risk assessment instrument (hereinafter the RAI). At the SORA hearing, the County Court, presumably in agreement with the RAI, assessed the defendant a total of 120 points. Included within its assessment of points, the court assessed 20 points under risk factor 3 (number of victims) even though there was only one victim and neither the Board nor the People sought the assessment of any points under that risk factor. The RAI, however, contained an assessment of 20 points under risk factor 4 (duration of offense-continuing course of sexual misconduct), which was not addressed by the County Court. On appeal, the defendant challenges the assessment of 20 points under risk factor 3 (number of victims) and 15 points under risk factor 11 (drug or alcohol abuse). We affirm, albeit for reasons other than those set forth by the County Court (see People v Dash, 111 AD3d 907).
"In establishing an offender's risk level pursuant to SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence" (People v Alvarado, 173 AD3d 909, 909; see Correction Law § 168-n[3]). "'Evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay'" (People v Roache, 110 AD3d 776, 777, quoting People v Crandall, 90 [*2]AD3d 628, 629).
While the defendant's argument as to the assessment of points under risk factor 3 (number of victims) is unpreserved for appellate review (see People v Bethel, 165 AD3d 712, 713), we nonetheless review it in the interest of justice. As the People concede, the defendant should not have been assessed 20 points under risk factor 3, as there was only one victim and neither the Board nor the People sought the assessment of points under that risk factor. However, the record is sufficient for this Court to determine that the defendant should have instead been assessed 20 points under risk factor 4 (duration of offense-continuing course of sexual misconduct) and, as such, remittal is not required to calculate a new presumptive points total (see People v Somodi, 170 AD3d 1056, 1056-1057; People v Finizio, 100 AD3d 977, 977). Here, the RAI contained an assessment of 20 points under risk factor 4 and the case summary explained in detail that the defendant's course of sexual misconduct consisted of several violent offenses against the victim on separate occasions occurring between June 2000 and May 2001. Thus, based on this clear and convincing evidence, 20 points should have been assessed under risk factor 4 (see People v Brown, 194 AD3d 861).
The County Court properly assessed 15 points under risk factor 11, based on the defendant's history of alcohol abuse. "The People can establish that an offender was abusing alcohol at the time of the offense by demonstrating with clear and convincing evidence that the offender used alcohol in excess either at the time of the crime or repeatedly in the past" (People v Alvarado, 173 AD3d 909, 909-910). Here, the defendant previously had been convicted of driving while ability impaired by the consumption of alcohol, admitted to a history of heavy alcohol consumption, and admitted to a relapse that required an alcohol and substance abuse treatment program. Therefore, the People established, by clear and convincing evidence, that the assessment of 15 points under risk factor 11 based upon the defendant's history of alcohol abuse was proper (see People v Garcia, 192 AD3d 833).
Furthermore, the County Court properly denied the defendant's request for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861; People v Champagne, 140 AD3d 719, 720). Here, a downward departure was not warranted, as the defendant failed to prove that his response to alcohol and drug treatment was "exceptional" (see People v Locklear, 154 AD3d 888, 890), and his claim that he accepted responsibility for his actions does not offset the aggravating factor of the serious, violent, and ongoing sexual and emotional abuse to which he subjected his victim.
"A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Willingham, 101 AD3d 979, 979). Applying the New York State standard for the effective assistance of counsel, the circumstances of this case, viewed in totality, reveal that the defendant's attorney provided meaningful representation (see People v Bowles, 89 AD3d 171, 181).
Accordingly, we affirm the County Court's designation of the defendant as a level three sex offender pursuant to Correction Law article 6-C.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court