People v Guallpa (2022 NY Slip Op 05725)

People v Guallpa

2022 NY Slip Op 05725

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-06342

[*1]The People of the State of New York, respondent, 
v
Juan Guallpa, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), entered September 2, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant challenged the assessment of 15 points under risk factor 11 on the risk assessment instrument, the County Court designated him, consistent with his presumptive risk level, a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the People presented clear and convincing evidence of his history of alcohol abuse, so as to support the assessment of 15 points under risk factor 11. To support the assessment of such points, "the People must show by clear and convincing evidence that the offender used alcohol in excess either at the time of the crime or repeatedly in the past" (People v Palmer, 20 NY3d 373, 378; see People v Lyons, 199 AD3d 722). "[P]eriodic, moderate drinking of alcoholic beverages does not qualify as abuse under the SORA risk factors and does not warrant the assessment of points" (People v Palmer, 20 NY3d at 378). Here, the People's evidence that the defendant admitted to a history of abusing alcohol during his intake interview with the Department of Corrections and Community Supervision, resulting in his referral to an alcohol treatment program while incarcerated, as well as his admissions that his employer, mother, and other family members had all advised him that he had a problem with alcohol, supported the assessment of the challenged points (see People v Lyons, 199 AD3d at 723-724; People v Mohansingh, 199 AD3d 945; People v Lowery, 140 AD3d 1141, 1142).
The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit.
Accordingly, we affirm the order designating the defendant a level two sex offender.
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court