People v Rizzo (2025 NY Slip Op 50048(U))

[*1]

People v Rizzo (James)

2025 NY Slip Op 50048(U) [84 Misc 3d 137(A)]

Decided on January 22, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 22, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570304/23

The People of the State of New
York, Respondent,

against

James Rizzo,
Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York,
New York County (Michael J. Gaffey, J.), dated June 21, 2023, which, after a hearing,
adjudicated him a level two sex offender under the Sex Offender Registration Act
(Correction Law art. 6-C).

Per Curiam.

Order (Michael J. Gaffey, J.), dated June 21, 2023, affirmed.

The court providently exercised its discretion in denying defendant's request for a
downward departure from his presumptive risk level two designation (see People v
Gillotti, 23 NY3d 841 [2014]). The court properly assessed points under risk factors
nine (number and nature of prior crimes) and ten (recency of prior sex crime). Defendant
committed the underlying forcible touching offense only months after his prior forcible
touching conviction; and his criminal history includes felony convictions for both first
and second degree burglary, as well as convictions for driving while impaired by alcohol,
third-degree assault and third-degree criminal mischief as a hate crime (see People v Garcia, 192 AD3d
833 [2021], lv denied 37 NY3d 910 [2021]). Defendant was also properly
assessed 15 points under risk factor 14 for lack of supervised release (see Sex
Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]),
"even [if] this was a matter beyond defendant's control" (see People v Tejada, 51 AD3d
472 [2008]).

We do not find any overassessment of points or mitigating factors that were
inadequately taken into account by the risk assessment instrument. The evidence before
the hearing court, which assessed 100 points, demonstrated defendant's "moderate risk of
reoffense" (People v Mingo,
12 NY3d 563, 567 n 2 [2009]), and did not warrant a departure.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: January 22, 2025