■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR NAVARRO, Appellant. [982 NYS2d 367]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn J.), dated October 26, 2012, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.

In establishing the appropriate risk level determination under the Sex Offender Registration Act (hereinafter SORA), the People bear the "burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Pettigrew*, 14 NY3d 406, 408 [2010]; *People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Atkinson*, 65 AD3d 1112 [2009]; *People v Bright*, 63 AD3d 1133 [2009]; *People v Lawless*, 44 AD3d 738 [2007]). Here, the Supreme Court concluded that the People met their burden of proving that the defendant was properly assessed 115 points under the SORA Risk Assessment Instrument (hereinafter RAI), and designated him a level three sex offender.

The defendant argues that the People failed to establish, by clear and convincing evidence, that he should have been assessed 10 points under risk factor 13, for "unsatisfactory" conduct while confined (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]), and thus his RAI score should only have been 105 points, which would make him a presumptive level two offender. The SORA guidelines for risk factor 13 state that a defendant may be assessed points under that factor if his or her disciplinary record shows "numerous citations for disciplinary violations," "disciplinary dispositions of a serious nature," or "a recent Tier Three disciplinary violation" (*id.*).

Here, the People adduced evidence that, during the defendant's term of imprisonment, he committed the single infraction of "resisting cuffs." However, the People failed to adduce any further evidence to explain the nature of this infraction, or to explain whether the infraction was a tier III disciplinary violation. Thus, the record does not contain clear and convincing evidence to support the assessment of 10 points under risk factor 13 (*see generally People v Geier*, 56 AD3d 539 [2008]; *People v Marrero*, 52 AD3d 797 [2008]; *People v Pendelton*, 50 AD3d 659 [2008]). Accordingly, with the elimination of these points, the defendant's risk assessment score is 105 points, and he should have been designated a level two sex offender. Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.