■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHANCE MCCURDY, Appellant. [994 NYS2d 403]—

Appeal by the defendant from an order of the Supreme Court, Kings County (J. Goldberg, J.), dated April 12, 2011, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In determining a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), "[a] downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Watson*, 95 AD3d 978, 979 [2012]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]).

The defendant contends that he was entitled to a downward

departure from the presumptive risk level because his motive for committing the underlying sex crime was based in revenge, and not sexual gratification. However, the defendant failed to show that his alleged motive for committing the underlying sex crime was, "as a matter of law, an appropriate mitigating factor" (*id.*; *see People v Knox*, 12 NY3d 60, 70 [2009]; *People v Romero*, 113 AD3d 605 [2014]). Accordingly, the defendant was not entitled to a downward departure from the presumptive risk level. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.