People v Brown (2020 NY Slip Op 07925)





People v Brown


2020 NY Slip Op 07925


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-04377

[*1]People of State of New York, respondent,
v
Derrick Brown, appellant. Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered March 14, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 115 points, which presumptively placed him in a risk level three category. The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level three sex offender. On appeal, the defendant challenges his presumptive risk level and the denial of his request for a downward departure from his presumptive risk level.
The points assessment against the defendant for unsatisfactory conduct while confined was established by clear and convincing evidence, based upon a recent Tier 3 violation and two other Tier 2 violations while incarcerated (see People v Williams, 100 AD3d 610, 611; People v Mabee, 69 AD3d 820, 820-821; cf. People v Navarro, 115 AD3d 835, 836).
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant sought a downward departure from his presumptive risk level based upon an alternative risk assessment instrument, and his hearing testimony as to his educational [*2]attainments while in prison and work history out of prison. The fact that the defendant received a low-risk score on an alternate risk assessment instrument was insufficient for a downward departure (see People v Curry, 158 AD3d 52, 61-62). The defendant's resume, included in the record, indicated that he received his college degree before the commission of the sex offense resulting in this proceeding, presumably while he was incarcerated on other charges. In any event, any educational attainments during the defendant's most recent period of incarceration was overridden by his disciplinary history. Further, much of his work history involved work performed before or while the defendant was committing the sex offense, and therefore, did not indicate any reduced risk of offending. Therefore, the defendant failed to establish grounds for a downward departure from his presumptive risk level by a preponderance of the evidence.
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court