People v Elgut (2021 NY Slip Op 00888)





People v Elgut


2021 NY Slip Op 00888


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-00923

[*1]People of State of New York, respondent,
v
Christopher Elgut, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elena Tomaro and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated December 17, 2018, which, after a hearing designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2017, the defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (two counts), among other related crimes. In anticipation of his release from prison, after a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court granted the People's application for an upward departure and designated the defendant a level two sex offender.
Where the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating factors alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines), and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating factors (see Correction Law § 168-n[3]; People v Gillotti, 23 NY3d 841, 861-862). When the People have met this burden, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, the People established, by clear and convincing evidence, the existence of aggravating factors not adequately taken into account by the Guidelines, namely, that the defendant suffered from serious mental illness of longstanding and continuing duration which must be controlled by prescribed medication, that he had committed the subject sexual offense when he had failed to take prescribed medication as directed and had recently been released from a psychiatric hospital following the same failure in taking his medication, that he had a history of frequent noncompliance with taking his medication, that he had difficulty in finding an appropriate residential setting when not incarcerated, and that his behavior was unpredictable when he was not medicated or supervised (see People v Richardson, 101 AD3d 837, 839; People v Bogert, 91 AD3d 925; People v Andrychuk, 38 AD3d 1242). Further, the County Court providently exercised its discretion in [*2]weighing these aggravating factors and determining that the totality of the circumstances warranted an upward departure from the presumptive level one designation and designating the defendant a level two sex offender.
The defendant's remaining contention is without merit.
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ.,concur.
ENTER:
Aprilanne Agostino
Clerk of the Court