People v Bright (2021 NY Slip Op 03858)





People v Bright


2021 NY Slip Op 03858


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2009-04685

[*1]The People of the State of New York, respondent,
v
Valeena Bright, appellant.


Janet E. Sabel, New York, NY (Laura Lieberman Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (James P. Sullivan, J.), dated February 20, 2009, which, after a hearing, designated her a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon her plea of guilty, of promoting prostitution in the second degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 125 points under the risk assessment instrument and designated the defendant a level three sex offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911).
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 2 (sexual contact with victim) for contact under clothing. The assessment of points was supported by clear and convincing evidence in the record (see Correction Law § 168-n[3]; see generally People v Dubeau, 174 AD3d 748, 749).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment [*2]of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Alvarado, 173 AD3d 909, 910).
Here, the defendant failed to identify, as a matter of law, an appropriate mitigating factor and failed to establish the facts in support of the existence of the purported mitigating factor by a preponderance of the evidence (see People v Price, 164 AD3d 1282, 1283; People v McCurdy, 121 AD3d 875, 875-876). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court