People v Manning (2022 NY Slip Op 03133)

People v Manning

2022 NY Slip Op 03133

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2019-06711

[*1]The People of the State of New York, respondent,
v
William A. Manning, appellant.

Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Lorraine Maddalo of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kamephis Perez of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated May 22, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level two sex offender.
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 13. The People presented clear and convincing evidence of the defendant's unsatisfactory conduct while confined, based upon the defendant's recent commission of a Tier III disciplinary violation (see People v Marquez, 165 AD3d 986, 987; People v Williams, 100 AD3d 610, 611).
Contrary to the defendant's further contention, he failed to establish his entitlement to a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to identify, as a matter of law, an appropriate mitigating factor and failed to establish the facts in support of the existence of any purported mitigating factor [*2]by a preponderance of the evidence (see People v Bright, 195 AD3d 868, 869; People v Price, 164 AD3d 1282, 1283; People v McCurdy, 121 AD3d 875, 875-876).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated the defendant a level two sex offender.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court