People v Bonds (2022 NY Slip Op 04650)

People v Bonds

2022 NY Slip Op 04650

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-04661

[*1]The People of the State of New York, respondent,
v
Derrick Bonds, appellant. Richard L. Herzfeld, New York, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated June 15, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1995, the defendant was convicted, upon his plea of guilty, of rape in the first degree (four counts), sodomy in the first degree (eight counts), and sexual abuse in the first degree (three counts), among other crimes. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points on the risk assessment instrument, which rendered him a presumptive level two sex offender. The court granted the People's request for an upward departure, and, in an order dated June 15, 2021, designated the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed 30 points under risk factor 1 for being armed with a dangerous instrument. "Facts . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" (Correction Law §§ 168-d[3]; 168-n[3]). During the plea allocution, the defendant admitted to displaying a firearm multiple times during the commission of the subject crimes and specifically to holding the firearm against the head of the victim of the sexual assaults during the commission of one of those assaults. Thus, the fact that he was armed with a dangerous instrument was established by clear and convincing evidence and was not subject to relitigation at the SORA hearing. In any event, contrary to the defendant's contention, the additional material submitted at the SORA hearing, including the defendant's written statement and the victims' statements, also established this fact by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 409; People v Tuitt, 175 AD3d 517, 518).
The assessment of 10 points under risk factor 13 also was supported by clear and convincing evidence, since the defendant's incarceration records established multiple tier III and tier II violations (see People v Brown, 189 AD3d 1473, 1474; People v Kaff, 149 AD3d 783, 784; People v Williams, 100 AD3d 610, 611).
The Supreme Court providently exercised its discretion in granting the People's application for an upward departure from the presumptive level two designation to a level three designation. The People demonstrated, by clear and convincing evidence, the existence of aggravating factors not adequately taken into account by the SORA: Risk Assessment Guidelines and Commentary (2006) (see People v Gillotti, 23 NY3d 841, 861), including the brutality and violence of the defendant's conduct during the commission of the crimes against the victim of the multiple sexual assaults, as well as the members of her family, who were bound and locked in a closet for several hours and forced to witness some of the sexual attacks perpetrated by the defendant and his accomplices (see People v Sandy, 173 AD3d 915, 916; People v Shim, 139 AD3d 68, 76-77; People v Maldonado, 127 AD3d 714, 715; People v Suber, 91 AD3d 619, 620).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court