People v Sesay (2022 NY Slip Op 05341)

People v Sesay

2022 NY Slip Op 05341

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2018-03751

[*1]The People of the State of New York, respondent,
v
Issa Sesay, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Marquetta Christy of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Rebecca L. Abensur and Monica M. C. Leiter of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated March 5, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2017, the defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. At a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed 85 points, which resulted in a presumptive designation as a level two sex offender. However, the court granted the People's application for an upward departure and designated the defendant a level three sex offender. The defendant appeals.
In establishing an offender's appropriate risk level assessment under SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408, citing Correction Law § 168-n[3]; People v Robinson, 204 AD3d 708).
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 15 because of the defendant's history of homelessness and uncertainty with respect to his future living arrangements (see People v Alemany, 13 NY3d 424; People v Jean-Bart, 145 AD3d 690, 691).
The defendant challenges the assessment of 10 points under risk factor 13, for "unsatisfactory" conduct while confined. The SORA guidelines for risk factor 13 state that a defendant may be assessed points under that factor if his or her disciplinary record shows "numerous citations for disciplinary violations," "disciplinary dispositions of a serious nature," or "a recent Tier Three disciplinary violation" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006] [hereinafter Guidelines]). Here, the People failed to adduce clear and convincing evidence to support the assessment of those points (see id. at 16; People v Navarro, 115 AD3d 835, 836). However, the elimination of those points does not affect the defendant's presumptive risk level.
Moreover, the Supreme Court properly granted the People's application for an upward departure from the presumptive risk level. The People established, by clear and convincing evidence, the existence of an aggravating factor not adequately taken into account by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861), namely, that the defendant suffered from a serious mental illness of longstanding and continuing duration and a history of frequent noncompliance with his prescribed medication, which presented a threat to the community when he was not medicated or supervised (see People v Elgut, 191 AD3d 812, 813; People v Richardson, 101 AD3d 837, 839). Further, the court providently exercised its discretion in weighing the aggravating factor and determining that the totality of the circumstances warranted an upward departure from the presumptive level two designation (see People v Gillotti, 23 NY3d at 861).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court