Matter of People of the State of New York v Cohen (2023 NY Slip Op 01149)

Matter of People of the State of New York v Cohen

2023 NY Slip Op 01149

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Renwick, J.P., Friedman, Gesmer, Singh, Higgitt, JJ. 

Index No. 452037/18 Appeal No. 17431-17432 Case No. 2020-04602 2020-04605 

[*1]In the Matter of People of the State of New York, by Letitia James, Attorney General of the State of New York, Petitioner-Appellant-Respondent,
v
Ram Cohen et al., Respondents-Respondents-Appellants. 

Letitia James, Attorney General, New York (Mark S. Grube of counsel), for appellant-respondent.
Bernstein Cherney LLP, New York (Hartley T. Bernstein of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Debra A. James, J.) entered June 15, 2020, granting the petition in part in accordance with a prior order, same court and Justice, entered May 18, 2020, which granted respondents' motion to dismiss the petition to the extent of dismissing the first through sixth claims and the ninth claim and setting down for trial the seventh, eighth, and tenth claims, unanimously modified, on the law, to reinstate the first through sixth and the ninth claims, to give the motion court an opportunity to decide respondents' motion to dismiss on the merits, and otherwise affirmed, without costs. Appeals from the May 18, 2020 order, unanimously dismissed, without costs, as subsumed in the appeal from the June 15, 2020 order.
Under CPLR 213(9), a six-year limitations period, not a three-year one, governs "an action by the attorney general" under Executive § 63(12) and the Martin Act (General Business Law article 23-A, § 352 et seq.) (People v Allen, 198 AD3d 531, 532 [1st Dept 2021], appeal dismissed, lv dismissed, 38 NY3d 996 [2022], appeal dismissed, lv denied 39 NY3d 928 [2002]). Applying the proper six-year limitations period to the causes of action in the petition, which was dated October 22, 2018, the Office of the Attorney General (OAG) timely interposed the allegations relating to conduct going back to October 22, 2012. We leave to Supreme Court the initial resolution of respondents' motion to dismiss on the merits (see People v Greenberg, 21 NY3d 439, 448 [2013]).
We affirm the remainder of the order with respect to the seventh, eighth, and tenth causes of action, which allege mistreatment of the tenants' security deposits (seventh and eighth causes of action) and common-law fraud (tenth cause of action), as a trial on those issues is warranted. The evidence establishes that respondents failed to comply with the requirements of General Obligations Law §§ 7-103(1) and (2), as they collected security deposits yet did not maintain them as trust funds in a separate account, and did not notify tenants of the name and address of the banking organization in which the deposit was made. Nevertheless, the record does not conclusively establish which security deposits were inappropriately applied to the tenants' last months' rents and what, if any, damages other than the accrued interest might be appropriate. As to the allegations of fraud in the tenth cause of action relating to the purchase of the building, petitioner pleaded a viable cause of action, and respondents did not demonstrate that they provided the building's purchaser with tax returns showing the actual rent collected. Petitioner submitted no evidence of reliance, however, and thus failed to make out a prima facie case of fraud. Accordingly, a trial is required on these causes of action.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: March 2, 2023