People v Richard (2024 NY Slip Op 06394)

People v Richard

2024 NY Slip Op 06394

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-0151
[*1]The People of the State of New York, Respondent,
v
Dalo Richard, Appellant.

Calendar Date:November 19, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Michael Connolly of counsel), for respondent.

McShan, J.
Appeal from an order of the County Court of Albany County (William T. Little, J.), entered October 12, 2022, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant was convicted in 2007 of rape in the first degree and was sentenced to a prison term of 18 years, to be followed by five years of postrelease supervision. The conviction stemmed from an incident wherein defendant, while employed as a caregiver in a group home, engaged in sexual intercourse with the victim, who was legally blind, mentally disabled, confined to a wheelchair and otherwise incapable of consent. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level one sex offender (65 points). The People, in turn, prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (95 points) and sought an upward departure to a risk level three classification. Following a hearing, County Court classified defendant as a risk level two sex offender with a sexually violent offender designation and denied the People's request for an upward departure. This appeal by defendant ensued.
We affirm. In the context of establishing defendant's risk level classification, "the People 'bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence' " (People v Smith, 211 AD3d 1127, 1128 [3d Dept 2022], quoting Correction Law § 168-n [3]; see People v Kraft, 229 AD3d 1016, 1017 [3d Dept 2016]). Upon appeal, defendant contests only the 15 points assessed under risk factor 11 (drug or alcohol abuse) and the 10 points assessed under risk factor 13 (conduct while confined).
As to the issue of substance abuse, the People relied upon, among other things, the case summary and the statements made by defendant to law enforcement and during his presentence interview in October 2007. At that time defendant, who first used alcohol when he was five years old, professed to only drink occasionally; he acknowledged, however, that when he did consume alcohol, he would "drink a lot . . . a 12 pack or so." Defendant further admitted to using approximately one ounce of marihuana "every two weeks." According to defendant, he last consumed alcohol in April 2007 and last used marihuana in May 2007. Although the Board opted not to assess any points under risk factor 11, we are satisfied that defendant's admitted use of alcohol and marihuana prior to and after the underlying sex offense in 2006 "was not in the distant past or excessively remote" (People v McDermott, 230 AD3d 1484, 1485 [3d Dept 2024] [internal quotation marks, brackets and citation omitted]) and, further, that defendant's acknowledged tendency to "overindulge" exceeds the "periodic, moderate drinking of alcoholic [*2]beverages" (People v Palmer, 20 NY3d 373, 378 [2013]) or what otherwise could be described as "social or occasional use" (People v McDermott, 230 AD3d at 1485 [internal quotation marks and citation omitted]; compare People v Brown, 178 AD3d 1167, 1168 [3d Dept 2019]; People v Saunders, 156 AD3d 1138, 1139 [3d Dept 2017]). Accordingly, the assessment of points under risk factor 11 is supported by clear and convincing evidence. Were we to conclude otherwise, we nonetheless would find — for the reasons that follow — that the People met their burden of establishing defendant's classification as a risk level two sex offender.
With respect to the points assessed under risk factor 13, a defendant may be assessed points under this factor based upon, as relevant here, "numerous citations for disciplinary violations" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]; see People v Sesay, 208 AD3d 1373, 1374 [3d Dept 2022], lv denied 39 NY3d 908 [2023]). The record reflects that, during the course of his incarceration, defendant incurred three tier III disciplinary sanctions and 29 tier II disciplinary sanctions. Although the Board again elected not to assess points under this factor, the Board's position was not binding upon County Court (see People v Bush, 105 AD3d 1179, 1181 [3d Dept 2013], lv denied 21 NY3d 860 [2013]) and, contrary to defendant's assertion, the relevant guidelines "do not preclude the assessment of points based on [the] remoteness" of the disciplinary violations (People v Kaff, 149 AD3d 783, 784 [2d Dept 2017], lv denied 29 NY3d 916 [2017]; see People v Neal, 214 AD3d 421, 421 [1st Dept 2023], lv denied 39 NY3d 916 [2023]; People v Holmes, 195 AD3d 528, 528 [1st Dept 2021], lv denied 37 NY3d 912 [2021]). Accordingly, we find that defendant's multiple disciplinary violations constitute clear and convincing evidence that his conduct while confined was unsatisfactory, thereby warranting the imposition of 10 points under risk factor 13 (see People v Hunter, 198 AD3d 691, 692 [2d Dept 2021], lv denied 38 NY3d 902 [2022]; People v Guadeloupe, 173 AD3d 910, 911 [2d Dept 2019], lv denied 34 NY3d 903 [2019]; People v Graves, 121 AD3d 959, 959-960 [2d Dept 2014], lv denied 24 NY3d 912 [2014]; People v Bush, 105 AD3d at 1181). Notably, the assessment of such points would, standing alone, warrant defendant's classification as a risk level two sex offender. Defendant's remaining arguments regarding his risk level classification, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.