People v Prince (2025 NY Slip Op 06201)

People v Prince

2025 NY Slip Op 06201

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
DONNA-MARIE E. GOLIA, JJ.

2024-02634

[*1]The People of the State of New York, respondent,
v
Marvin Prince, appellant. Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 26, 2024, which, after a hearing, designated the defendant a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sexually violent offender.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the second degree for acts involving a child less than 13 years old (Penal Law § 130.80[1]). After a hearing conducted pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 115 points on the risk assessment instrument, a presumptive risk level three, denied the defendant's application for a downward departure, and designated the defendant a level three sexually violent offender. The defendant appeals, challenging the assessment of 30 points under risk factor 9, imposed based upon his commission of a prior violent felony, the assessment of 10 points under risk factor 13, imposed based upon his unsatisfactory conduct while confined, and the denial of his application for a downward departure from the presumptive risk level.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence" (People v Otero, 233 AD3d 969, 970 [internal quotation marks omitted]; see Correction Law § 168-n[3]; People v Bautista, 210 AD3d 1020).
Contrary to the defendant's contention, the County Court properly assessed 30 points under risk factor 9 based upon the defendant's commission of a prior violent felony. The assessment of these points was supported by clear and convincing evidence in the record which revealed the defendant's prior youthful offender adjudication for attempted robbery in the second degree (see People v Otero, 233 AD3d 969, 970; People v Boynton, 186 AD3d 1729, 1730).
The County Court erred in assessing 10 points under risk factor 13 for unsatisfactory conduct while confined. The Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines) provides that 10 points should be assessed under risk factor 13 where "[t]he offender's adjustment to confinement or supervision has been unsatisfactory." [*2]"[A] defendant may be assessed points under [risk factor 13] if his or her disciplinary record shows 'numerous citations for disciplinary violations,' 'disciplinary disposition of a serious nature,' or 'a recent Tier Three disciplinary violation'" (People v Sesay, 208 AD3d 1373, 1374, quoting Guidelines at 16). Here, the assessment of 10 points under risk factor 13 was based upon evidence that the defendant assaulted another inmate while incarcerated pending disposition of the underlying offense approximately three years prior to the SORA hearing. However, the People failed to adduce clear and convincing evidence that this sole act of misconduct either was "recent" or constituted a tier III disciplinary violation (see People v Sesay, 208 AD3d at 1374; People v Hernandez, 187 AD3d 1227, 1228; People v Navarro, 115 AD3d 835, 836; cf. People v Manning, 205 AD3d 830, 830). With the elimination of the 10 points under risk factor 13, the defendant's risk assessment score is 105, within the range for a presumptive level two designation.
The County Court properly denied the defendant's application for a downward departure from the presumptive risk level to risk level one (see People v Gillotti, 23 NY3d 841, 861). The mitigating factors cited by the defendant, including the remoteness of his prior youthful offender adjudication for attempted robbery in the second degree, were adequately taken into account by the Guidelines (see People v Medina, 209 AD3d 775, 776; People v Williams, 204 AD3d 710, 711; People v Adams, 174 AD3d 828, 829-830) and did not otherwise establish a lower likelihood of reoffense (see People v Pryor, 199 AD3d 1033).
Accordingly, the defendant should be designated a level two sexually violent offender.
IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court